# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID L. KULL,

Plaintiff-Appellant,

v

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

Defendant-Appellee.

UNPUBLISHED
January 31, 2017

No. 329748
Livingston Circuit Court
LC No. 15-028492-NF

Before: M. J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

O'BRIEN, J. (*dissenting*).

I respectfully dissent. The dispositive issue in this case is whether plaintiff's injury was closely related to the vehicle's transportational function. In my view, it clearly was not. As our Supreme Court has made clear, the proper inquiry is whether the vehicle was being used for a transportational purpose, not whether it was being used for an intended purpose. *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 225-226; 580 NW2d 424 (1998) ("Accordingly, we hold that whether an injury arises out of the use of a motor vehicle 'as a motor vehicle' under § 3105 turns on whether the injury is closely related to the transportation function of motor vehicles."). Here, I agree that preparing to unload a boat represents an intended purpose of a boat trailer, but I cannot agree that preparing to unload a boat represents a transportational purpose of a boat trailer. In reaching this holding, our Supreme Court expressly overruled its earlier decision in *Bialochowski v Cross Concrete Pumping Co*, 428 Mich 219; 407 NW2d 355 (1987), and explained that the unloading of a cement truck did *not* represent a transportational purpose of the truck. *McKenzie*, 458 Mich at 223-224 ("Where the Legislature explicitly limited coverage under § 3105 to injuries arising out of a particular use of motor vehicles—use 'as a motor vehicle'—a decision finding coverage for injuries arising out of any other use, e.g., to pump cement, is contrary to the language of the statute."). If unloading cement does not represent a transportational purpose of a cement truck, how can preparing to unload a boat represent a transportational purpose of a boat trailer? Our Supreme Court's decision in *McKenzie* is binding. Therefore, I must dissent.

/s/ Colleen A. O'Brien

-1-